1  GAYLE M. ATHANACIO (State Bar No. 130068)
   SONNENSCHEIN NATH & ROSENTHAL LLP
2  525 Market Street, 26th Floor
   San Francisco, CA 94105-2708
3  Telephone: (415) 882-5000
   Facsimile: (415) 882-0300
4  gathanacio@sonnenschein.com

5  Attorneys for Defendant
   Valuation Information Technology, LLC
6  d/b/a RELS VALUATION

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 SOUND APPRAISAL and SAVAGE          No. 4:09-cv-01630-CW
   APPRAISAL SERVICES, INC., on behalf of
12 themselves and all others similarly situated,    DEFENDANT VALUATION
                                          INFORMATION TECHNOLOGY, LLC, d/b/a
13              Plaintiff,                 RELS VALUATION'S:

14      vs.                               (1)  NOTICE OF MOTION AND MOTION
                                          TO DISMISS; AND
15 WELLS FARGO BANK, N.A. and
   VALUATION INFORMATION               (2)  SUPPORTING MEMORANDUM OF
16 TECHNOLOGY, LLC, d/b/a RELS          POINTS AND AUTHORITIES
   VALUATION,
17                                        Date:     September 17, 2009
                Defendant.                Time:     2:00 p.m.
18                                        Place:    Courtroom 2
                                          Before:  Hon. Claudia Wilken
19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

## NOTICE OF MOTION AND MOTION

2      TO PLAINTIFFS, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE

3  COURT:

4      PLEASE TAKE NOTICE that on September 17, 2009 at 2:00 p.m. or as soon thereafter

5  as the matter may be heard, in Courtroom 2, 4th Floor, of the United States District Court for the

6  Northern District of California, Oakland Division, located at 1301 Clay Street, in Oakland,

7  California, 94612-5212, Defendant Valuation Information Technology, LLC, d/b/a Rels

8  Valuation ('Rels Valuation') will move, and hereby does move, to dismiss Plaintiffs' Class Action

9  Complaint ('Complaint') for failure to state a claim on which relief may be granted.  *See* Fed. R.

10  Civ. P. 12(b)(6); N.D. Cal. Civil Local Rule 7-2.

11      Rels Valuation's motion is based on this Notice, the following Memorandum of Points and

12  Authorities, all pleadings, records and documents in this case, and such evidence and argument

13  as may be introduced in support of this motion.  Rels Valuation respectfully requests that the

14  Court dismiss the Complaint with prejudice and grant Rels Valuation all other relief to which the

15  Court determines it is entitled.

16  Dated: June 4, 2009           Respectfully submitted,

17                        SONNENSCHEIN NATH & ROSENTHAL LLP

18

19

20                      By:_____/S/_____
                            GAYLE M. ATHANACIO

21                      Attorneys for Defendant
                      VALUATION INFORMATION TECHNOLOGY,

22                      LLC, d/b/a RELS VALUATION

23

24

25

26

27

28

- 1 -

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Civil Local Rule 7-4(a)(3), Rels Valuation sets forth the following statement of issues to be decided:

1.    Whether Plaintiffs' RICO claim must be dismissed, because the alleged predicate acts of mail and wire fraud and conspiracy are not pled with the particularity, as required under Rule 9(b) of the Federal Rules of Civil Procedure?

2.    Whether Plaintiffs' RICO claim should be dismissed because it cannot be predicated on Plaintiffs' speculative 'blacklisting' and 'pressuring' allegations?

3.    Whether these non-California-resident Plaintiffs plead the requisite nexus between their claims and the State of California necessary to sustain their claim under California Business & Professions Code section 17200?

4.    Whether Plaintiffs' section 17200 claim must be dismissed for lack of standing?

5.    Whether Plaintiffs' claim for interference with prospective economic advantage should be dismissed for lack of allegations that Rels Valuation interfered with Plaintiffs' business relationships with third parties, or committed an independent wrong other than the alleged interference?

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Case No. 4:09-cv-01630 CW      DEF. RELS VALUATION MOTION TO DISMISS CMPLT

**TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 3

II.     STATEMENT OF FACTS ...................................................................................... 4

III.    ARGUMENT ......................................................................................................... 5

        A.      Motion To Dismiss Standard ................................................................... 6

        B.      Plaintiffs Fail To State A Claim Under The Federal RICO Statute. ................... 7

                1.      Plaintiffs Failed To Plead Their Civil RICO Claim With
                        Particularity As Required By Rule 9(b)..................................................... 8

                        a.      The Alleged Pattern Of 'Mail Or Wire Fraud' Is Not
                                Pleaded With Particularity. ................................................. 8

                        b.      The RICO Conspiracy Claim Is Not Pleaded With
                                Particularity. ................................................................. 10

                2.      No 'Fraud'-Based RICO Predicate Act Can Be Premised On
                        Plaintiffs' 'Blacklisting' And 'Pressuring' Allegations. ............................... 11

        C.      Plaintiffs Fail To State A Claim Under California Business &
                Professions Code Section 17200. ................................................... 13

                1.      The Complaint Has No Viable Nexus To California............................. 13

                2.      Plaintiffs Lack Standing To Sue Under Section 17200. ....................... 15

        D.      Plaintiffs Fail To State A Claim For Interference With Prospective
                Economic Advantage. ..................................................................... 18

IV.     CONCLUSION ............................................................................................. 23

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

# TABLE OF AUTHORITIES

Page(s)

2

**FEDERAL CASES**

3

4

*AHO Enters., Inc. v. State Farm Mut. Auto. Ins. Co.*
No. 3:08-cv-04133-SBA, 2008 WL 4830708 (N.D. Cal. 2008)........................16, 22

5

*Alan Neuman Prods., Inc. v. Albright*
862 F.2d 1388 (9th Cir. 1988) ...................................................................9

6

7

*Alfus v. Pyramid Tech. Corp.*
745 F. Supp. 1511 (N.D. Cal. 1990) ........................................................11

8

*Ashcroft v. Iqbal,*
No. 129 S. Ct. 1937 (May 18, 2009) .....................................................6, 23

9

10

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ....................................................................6

11

*Baumer v. Pachl*
8 F.3d 1341 (9th Cir. 1993) ....................................................................11

12

13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 127 S. Ct. 1955 (2007)................................................passim

14

15

*Bly-Magee v. California,*
236 F.3d 1410 (9th Cir. 2001) ..................................................................6

16

*Bridge v. Phoenix Bond & Indem. Co.*
128 S. Ct. 2131 (2008).............................................................................12

17

18

*Butler v. Adoption Media, LLC*
486 F. Supp. 2d 1022 (N.D. Cal. 2007) ....................................................16

19

20

*Camarillo v. City of Maywood*
No. CV 07-3469, 2008 WL 4056994 (C.D. Cal. Aug. 27, 2008) ...................11

21

*Certain Underwriters at Lloyd's, London v. Real Estate Prof'l Ins. Co.*
No. CV06-4783, 2007 WL 4249078 (C.D. Cal. Nov. 26, 2007)..................7, 20

22

23

*Churchill Village, L.L.C. v. Gen. Elec. Co.*
169 F. Supp. 2d 1119 (N.D. Cal. 2000) ....................................................14

24

25

*City of Oakland v. Comcast Corp.*
No. C 06-5380 CW, 2007 WL 518868 (N.D. Cal. Feb. 14, 2007).................22

26

*Computer Scis. Corp. v. Computer Assocs. Int'l, Inc.,*
Nos. CV98-1374-WMB SHX, CV98-1440-WMB SHX,
1999 WL 675446 (C.D. Cal. Aug. 12, 1999) ............................................21

27

28

*Cutler v. Bank of Am. Nat'l Trust & Savings Ass'n*
441 F. Supp. 863 (N.D. Cal. 1977)...........................................................19

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

*Edwards v. Marin Park*
   356 F.3d 1058 (9th Cir. 2004) .................................................................................8

*Fifty Assocs. v. Prudential Ins. Co.*
   450 F.2d 1007 (9th Cir. 1971) ...............................................................................10

*Fulford v. Logitech, Inc.*
   2008 WL 4914416 (N.D. Cal. Nov. 14, 2008) .......................................................14

*Fulford v. Logitech, Inc.*
   No. C-08-2041, 2009 WL 1299088 (N.D. Cal. May 8, 2009)..................................16

*G&C Auto Body Inc. v. GEICO General Insurance Co.*
   No. C06-04898 MJJ, 2007 WL 4350907 (N.D. Cal. Dec. 12, 2007) .......................18

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*
   No. C 03-05340 JF, 2005 WL 832398 (N.D. Cal. Mar. 30, 2005).........................21

*H.J. Inc. v. Northwestern Bell Tel. Co.*
   492 U.S. 229 (1989)..............................................................................7, 8, 10

*Havens Realty Corp. v. Coleman*
   455 U.S. 363, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).......................................15

*Howard v. America Online, Inc.*
   208 F.3d 741 (9th Cir. 2000) .................................................................................11

*Hsu v. OZ Optics Ltd.*
   211 F.R.D. 615 (N.D. Cal. 2002)............................................................................22

*In re Actimmune Marketing Litig.*
   --- F. Supp. 2d ---, 2009 WL 1139585 (N.D. Cal. Apr. 28, 2009) ....................6, 11

*In re GlenFed, Inc. Sec. Litig.*
   42 F.3d 1541 (9th Cir. 1994) (en banc) ...................................................................9

*In re Jamster Marketing Litig.,*
   MDL No. 1751, 2008 WL 4858506 (S.D. Cal. Nov. 10, 2008) ..............................19

*In re Nat'l W. Life Ins. Deferred Annuities Litig.*
   467 F. Supp. 2d 1071 (S.D. Cal. 2006)...................................................................14

*In re: Wells Fargo Overtime Pay Litig.*
   2007 U.S. Dist. LEXIS 60551 (N.D. Cal. Aug. 16, 2007) .........................14, 15, 21

*Jankanish v. First Am. Title Ins. Co.*
   No. C08-1147 MJP, 2009 WL 779330 (W.D. Wash. Mar. 23, 2009)................14, 15

*Kendall v. Visa, U.S.A., Inc.*
   518 F.3d 1042 (9th Cir. 2008) .........................................................................10, 11

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*
   701 F.2d 1276 (9th Cir. 1983) ..................................................................................17

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*
   940 F.2d 397 (9th Cir. 1991) ...........................................................................8, 9, 12

*Living Music Records, Inc. v. Moss Music Group, Inc.*
   827 F. Supp. 974 (S.D.N.Y. 1993) ..............................................................................8

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*
   271 F.3d 825 (9th Cir. 2001) ....................................................................................21

*Marks v. City of Seattle*
   2003 WL 23024522 (W.D. Wash. Oct. 16, 2003) ....................................................13

*McGehee v. Coe Newnes/McGehee ULC*
   No. C 03-5145 MJJ, 2004 WL 2496127 (N.D. Cal. Nov. 4, 2004)............................21

*McGhee v. Arabian Am. Oil Co.*
   871 F.2d 1412 (9th Cir. 1989) ..................................................................................19

*Meridian Project Sys., Inc. v. Hardin Constr. Co.*
   404 F. Supp. 2d 1214 (E.D. Cal. 2005) ..............................................................14, 15

*Miller v. Yokohama Tire Corp.*
   358 F.3d 616 (9th Cir. 2004) ................................................................................8, 10

*Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*
   319 F. Supp. 2d 1059 (C.D. Cal. 2003) ..............................................................16, 17

*Odom v. Microsoft Corp.*
   486 F.3d 541 (9th Cir. 2007) ......................................................................................8

*Oestreicher v. Alienware Corp.*
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ........................................................................6

*Pac. Bell Tel. Co. v. Linkline Communications, Inc.*
   129 S. Ct. 1109 (2009).......................................................................................10, 17

*Palmer v. Stassinos*
   419 F. Supp. 2d 1151 (N.D. Cal. 2005) ....................................................................18

*Papasan v. Allain,*
   478 U.S. 265 (1986)....................................................................................................6

*Parker v. Learn the Skills Corp.*
   530 F. Supp. 2d 661 (D. Del. 2008)..........................................................................13

*Rickards v. Canine Eye Registration Found., Inc.,*
   704 F.2d 1449 (9th Cir. 1983) ..................................................................................19

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- iv -

*Rothman v. Vedder Park Mgmt.*
912 F.2d 315 (9th Cir. 1990) ...................................................................................12

*Rubin v. Wal-Mart Stores, Inc.*
599 F. Supp. 2d 1176 (N.D. Cal. 2009) ...................................................................18

*Sacramento Suburban Fruit Lands Co. v. Melin,*
36 F.2d 907 (9th Cir. 1929) .....................................................................................10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
806 F.2d 1393 (9th Cir. 1986) ............................................................................passim

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
983 F. Supp. 1303 (N.D. Cal. 1997) .................................................................19, 20

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2000) ...................................................................................10

*Sun Savings & Loan Ass'n v. Dierdorff*
825 F.2d 187 (9th Cir. 1987) .....................................................................................7

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) .....................................................................................9

*Sybersound Records, Inc. v. UAV Corp.*
517 F.3d 1137 (9th Cir. 2008) ...........................................................................19, 20

*Tele Atlas N.V. v. Navteq Corp.*
397 F. Supp. 2d 1184 (N.D. Cal. 2005) ...................................................................20

*United States v. Bonallo*
858 F.2d 1427 (9th Cir. 1988) ..................................................................................11

*United States v. Colgate & Co.*
250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919) ...................................................17

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003) ................................................................................6, 9

*Vieux v. E. Bay Reg'l Park Dist.*
906 F.2d 1330 (9th Cir. 1990) ..................................................................................11

*Wagh v. Metris Direct Servs., Inc.*
348 F.3d 1102 (9th Cir. 2003) ...................................................................................7

*Wagner v. Magellan Health Services, Inc.*
125 F. Supp. 2d 302 (N.D. Ill. 2000) .......................................................................13

*Walker v. GEICO Gen. Ins. Co.,*
558 F.3d 1025 (9th Cir. 2009) ..................................................................................16

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

*Walker v. USAA Cas. Ins. Co.*
   474 F. Supp. 2d 1168 (E.D. Cal. 2007) ..................................................16, 17, 18

*Warth v. Seldin,*
   422 U.S. 490 (1975) .................................................................................15

**CALIFORNIA CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
   7 Cal. 4th 503 (1994) ..............................................................................21

*Buckland v. Threshold Enters., Ltd.,*
   155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2007) ..................................16

*Citizens of Humanity, LLC v. Costco Wholesale Corp.*
   171 Cal. App. 4th 1, 88 Cal. Rptr. 3d 455 (2009) .................................16, 18

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
   11 Cal. 4th 376 (1995) .............................................................................22

*In re Tobacco II Cases*
   No. S147345, 2009 WL 1362556 (Cal. May 18, 2009) ...............................16

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal. 4th 1134 (2003) .................................................................17, 18, 22

*Kruse v. Bank of Am.*
   248 Cal. Rptr. 217, 202 Cal. App. 3d 38 (1988)........................................21

*Kwikset Corp. v. Superior Court*
   90 Cal. Rptr. 3d 123, 171 Cal. App. 4th 645 (2009) ..................................16

*Norwest Mortgage, Inc. v Superior Ct.*
   72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999) .....................................14

*Peterson v. Cellco P'ship*
   164 Cal. App. 4th 1583, 80 Cal. Rptr. 3d 316 (2008) ................................16

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*
   42 Cal. App. 4th 507, 49 Cal. Rptr. 2d 793 (1996) ...................................21

**FEDERAL STATUTES**

15 U.S.C. § 78u-4 ..........................................................................................9

18 U.S.C. § 1961 ............................................................................................7

18 U.S.C. § 1962.............................................................................5, 7, 10, 11

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

CALIFORNIA STATUTES

Business & Professions Code § 17200 ........................................................................passim

Business & Professions Code § 17203 ................................................................................18

Business & Professions Code § 17204 ........................................................................16, 18

OTHER AUTHORITIES

Federal Rule of Civil Procedure Rule 8 ..............................................................................11

Federal Rule of Civil Procedure 9(b) ........................................................................passim

Federal Rule of Civil Procedure 12 ................................................................................1, 6

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs are two independent real estate appraisers who complain that they are no longer receiving appraisal business from Defendants Wells Fargo Bank ('Wells Fargo') and Valuation Information Technology, LLC, d/b/a Rels Valuation ('Rels Valuation'). Plaintiffs identify no contract or law that obligated Defendants to hire them to conduct appraisals. As the Complaint acknowledges, independent appraisers such as Plaintiffs work as 'independent contractors,' performing appraisals as orders are placed. (Compl., ¶¶ 22, 32, 43, 47.) Relying on inflammatory rhetoric instead of plausible factual allegations, they assert claims for violation of the federal RICO statute, California's unfair competition laws, and interference with 'prospective economic advantage' on the theory that Defendants 'pressured' them—and other appraisers across the nation—to revise their appraisals to support the desired loan amount, and 'blacklisted' them after they refused to comply. Despite Plaintiffs' hyperbole, the Complaint discloses that Plaintiffs did not, and cannot, state a valid claim, and the action should be dismissed with prejudice.

Plaintiffs' RICO claim is based on predicate acts of alleged mail and wire fraud and thus is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Their allegations fall woefully short of that standard. Plaintiffs do not identify the details regarding any supposed fraudulent communication or any conspiracy, and their conclusory allegations of 'pressuring' and 'blacklisting' do not rise to the level of fraud as a substantive matter. Their first cause of action fails to state a claim.

Plaintiffs' attempt to assert a claim under California Business & Professions Code section 17200 is just as deficient. Plaintiffs are non-California residents challenging conduct that occurred outside of California and thus are not entitled to assert a claim under the California statute. Moreover, Plaintiffs lack standing to bring a claim under section 17200 because they have not suffered injury in fact or lost money as required under that statute.

Finally, Plaintiffs' third cause of action for interference with prospective economic advantage fails on multiple grounds. Plaintiffs do not (and cannot) identify any relationship with

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 3 -

1   any third party that was disrupted by Rels Valuation, and they provide no basis to support their

2   speculative claim that they probably would have received business from these unidentified parties.

3   In sum, none of Plaintiffs' claims has merit as a matter of law. The Complaint should be

4   dismissed with prejudice.

5   **II.   STATEMENT OF FACTS**

6   Defendant Wells Fargo is a financial services company that provides an array of products

7   and services, including home loans, across the United States. (Compl., ¶¶ 14-15.) Rels Valuation

8   provides real estate settlement services, including appraisals of property to be used as security for

9   Wells Fargo loans. (*Id.*, ¶¶ 18, 32.) Plaintiffs aver that Wells Fargo routes the vast majority of its

10  appraisal work to Rels Valuation, which "contracts with independent appraisers" who then conduct

11  appraisals of the properties to determine whether they are of sufficient value to secure the

12  proposed loan. (*Id.*, ¶¶ 32, 33.) Rels Valuation is an Iowa limited liability company

13  headquartered in Minnesota. (*Id.*, ¶ 18.)

14  Plaintiff Sound Appraisal is a sole proprietorship owned by independent appraiser Don

15  Pearsall in the State of Washington. (Compl., ¶¶ 12, 40.) Plaintiff Savage Appraisal Services,

16  Inc., is an S Corporation owned by independent appraiser Timothy Savage in the state of

17  Colorado. (*Id.*, ¶¶ 13, 50.) In the past, pursuant to Plaintiffs' agreements with Rels Valuation,

18  both Plaintiffs have performed appraisals of real property to be used as security in loans to be

19  made by Wells Fargo. (*See id.*, ¶¶ 42, 51, 18, 32.) Their complaint is that Rels Valuation and

20  Wells Fargo have not hired them to conduct additional appraisals. According to the Complaint,

21  Rels Valuation stopped requesting appraisals from Sound Appraisal in 2007 and stopped

22  requesting appraisals from Savage Appraisal Services in 2009 after each Plaintiff purportedly

23  refused to revise an appraisal with which Rels Valuation disagreed. (*Id.*, ¶¶ 44, 46, 53-55.)

24  Plaintiffs claim that Defendants "pressured" them to adjust their appraisals to support the loan

25  amounts the borrowers and Wells Fargo desired, allegedly in conflict with Plaintiffs' obligation

26  under federal regulations to "conduct their appraisals independently." (*Id.*, ¶¶ 24, 35, 44, 53, 69.)

27  They further aver that they, and other appraisers across the country, were "blacklisted" from

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   Defendants' list of "preferred appraisers" because they refused to modify their appraisals.[1]  (*Id.*, ¶¶

2   37, 44-45, 53-55.)  Plaintiffs claim that being excluded from the opportunity to appraise properties

3   for Wells Fargo loans is a "serious economic blow" to each Plaintiff's book of business.[2]  (*See id.*, ¶¶

4   8, 23, 46, 55.)

5          Plaintiffs seek to bring a nationwide putative class action on behalf of all appraisers "who

6   have been blacklisted or otherwise removed as an approved appraiser by Wells Fargo and/or Rels

7   Valuation." (Compl., ¶ 75.)  They assert three claims:  (1) violation of the federal RICO statute (18

8   U.S.C. § 1962(c),(d)); (2) violation of California's Unfair Competition Laws (Cal. Bus. & Prof.

9   Code § 17200); and (3) interference with prospective economic advantage.

10  **III.    ARGUMENT**

11         Plaintiffs' Complaint fails to state a claim under any theory they invoke and should be

12  dismissed.  For all their hyperbole about "suspension of honest appraisers" and "corrupt[ion] [of] the

13  appraisal system" (Compl., pp. 7, 8), they fail to identify the most basic details required to support

14  their claims.  Their RICO cause of action hypothesizes an "enterprise" between Defendants and

15  "mortgage brokers" who are never identified (*id.*, ¶ 88) and asserts predicate acts of mail and wire

16  fraud in purely conclusory terms without any effort to identify the time, place, parties, and

17  circumstances of the fraud with specificity as required by Federal Rule of Civil Procedure 9(b).

18  (*See id.*, ¶¶ 107-108).  Plaintiffs attempt to bring a claim under California Bus. & Prof. Code

19  section 17200 without properly pleading any nexus between their claims and the state and without

20  standing, which cannot be based on their speculative claim of lost business opportunities.  Their

21  equally speculative claim for interference with prospective economic advantage likewise fails, as

22  Plaintiffs do not identify any relationship with any third parties that Rels Valuation disrupted and

23  do not provide any basis for legitimately inferring a probability that they would have received

24

25  [1] Although Rels Valuation recognizes that its ability to challenge the substance of Plaintiffs'
26  allegations in a motion to dismiss is limited, as a matter of fact, Rels Valuation does not maintain
    watch or exclusion lists of appraisers.
27
28  [2] Plaintiffs do not allege that they were not compensated for the appraisals they supposedly
    refused to revise.

business from these unnamed third parties absent Defendants' alleged conduct.  Plaintiffs' suit boils down to a complaint that Defendants elected to stop doing business with them.  However, Plaintiffs' disappointment at missing out on a piece of the market (appraisals for Wells Fargo loans) is not actionable under any of the theories they assert.

### A.    Motion To Dismiss Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  A court should grant a Rule 12(b)(6) motion if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *In re Actimmune Marketing Litig.*, --- F. Supp. 2d ---, 2009 WL 1139585, at *8 (N.D. Cal. Apr. 28, 2009) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation' [within the complaint]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . ." *Id.*; *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 967-68 (N.D. Cal. 2008).  As the Supreme Court recently explained in *Ashcroft v. Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by *factual allegations*" to withstand a 12(b)(6) motion. *Id.* at 1950 (emphasis added).

In addition, claims that are predicated on allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b).  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1410, 1019 (9th Cir. 2001) (internal quotation marks and citation omitted)).

- 6 -

1

**B.      Plaintiffs Fail To State A Claim Under The Federal RICO Statute.**

2          In light of the "quasi-criminal" nature of civil RICO claims and the "stigmatizing effect on

3   those named as defendants," the Ninth Circuit has held that flawed RICO claims should be

4   "flushed out" at the early stages of litigation. *Wagh v. Metris Direct Servs., Inc.*, 348 F.3d 1102,

5   1108-09 (9th Cir. 2003) (overruled on other grounds).  That admonition is particularly apt here.

6          Plaintiffs' Complaint is filled with hot-button, inflammatory phrases ("subprime lending",

7   "mortgage-backed securities"—even "civil rights" violations, *e.g.*, Compl., ¶¶ 2-5, 70-73) that have

8   nothing to do with the RICO claim Plaintiffs assert.  These irrelevant attacks transparently seek

9   to divert the Court from Plaintiffs' failure to plead the rudiments of such a claim.

10         In order to state a civil RICO claim under 18 U.S.C. § 1962(c), Plaintiffs must at

11  minimum allege a "pattern" of "racketeering activity" consisting of at least two predicate acts

12  cognizable under RICO.  18 U.S.C. §§ 1961(5), 1962(c); *H.J. Inc. v. Northwestern Bell Tel. Co.*,

13  492 U.S. 229, 239 (1989) ("to prove a pattern of racketeering activity, a plaintiff . . . must show

14  that the predicate acts are related, *and* that they amount to a threat of continued criminal activity")

15  (emphasis in original).  The RICO statute expressly defines and limits "racketeering activity" to

16  include only certain "*specified* state-law crimes, any 'act' indictable under various *specified* federal

17  statutes, and *certain* federal 'offenses.'" *Id.* at 232 (emphasis added); *see also* 18 U.S.C. § 1961(1)

18  (defining which acts are "racketeering activity").

19         The sole predicate for Plaintiffs' RICO claim is a purported violation of the federal "mail

20  fraud" or "wire fraud" statutes.  (Compl., ¶¶ 115-116.)  *See* 18 U.S.C. § 1961(1)(B).  These statutes

21  require Plaintiffs to plead and prove that Defendants:  (1) devised a "scheme or artifice to defraud";

22  (2) used the mails (or wires) in furtherance of the scheme; and (3) did so with the "specific intent

23  to deceive or defraud." *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 195 (9th Cir. 1987)

24  (mail fraud); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.

25  1986) (wire fraud).[3]  Even under the most liberal definition, *no* "fraud" is alleged here, and

26

27

28  _____

[3] "Because the elements of mail and wire fraud are virtually identical, and the separate treatment of
each is unnecessary on the facts alleged, we combine our analysis of both types of predicate acts

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

certainly not the federal crimes of mail or wire fraud.   Plaintiffs' allegations and insinuations of other kinds of purported wrongdoing are simply irrelevant under the law.  *H.J. Inc. v. Northwestern Bell*, 492 U.S. at 232.

As a threshold matter, Plaintiffs have not pleaded their RICO claim with the particularity mandated by Rule 9(b).  *See Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007). Regardless of the pleading deficiency, as a matter of law, there was no "racketeering" activity— much less a pattern of it.

### 1.  Plaintiffs Failed To Plead Their Civil RICO Claim With Particularity As Required By Rule 9(b).

#### a.  The Alleged Pattern Of "Mail Or Wire Fraud" Is Not Pleaded With Particularity.

Civil RICO claims that are premised on mail or wire fraud must allege the purported fraud with particularity, including "specific factual evidence of the content, time, place, and speaker of each alleged mailing or wire transmission," and "how each purported mailing or wire transmission furthered the alleged fraudulent scheme." *Living Music Records, Inc. v. Moss Music Group, Inc.*, 827 F. Supp. 974, 982 (S.D.N.Y. 1993); *Schreiber Distrib. Co.*, 806 F.2d at 1401 ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (plaintiff must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). The complaint must be supported by "particularized allegations" of the factual circumstances of the fraud itself.  *Odom*, 486 F.3d at 554.

In this case, Plaintiffs have failed to identify the "time, place, and specific content" of any alleged false misrepresentations. *Edwards v. Marin Park*, 356 F.3d 1058, 1065-66 (9th Cir. 2004).  Plaintiffs simply state that Defendants mailed or transmitted "documents, information, products and funds" without identifying the date, content, or author—and most critically, the falsity—of those mailings or transmissions.  (*See* Compl., ¶ 105.)  Tellingly, Plaintiffs even concede that

and refer to them singularly as mail fraud." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 n.3 (9th Cir. 2004).

Case No. 4:09-cv-01630 CW                    DEF. RELS VALUATION MOTION TO DISMISS CMPLT

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    their allegations are not specific and only "generally describe" acts of wire and mail fraud. (*Id.*,

2    ¶ 107.) "This is a fatal defect under Fed. R. Civ. P. 9(b)." *Alan Neuman Prods., Inc. v. Albright*,

3    862 F.2d 1388, 1392-93 (9th Cir. 1988) (RICO allegations of "many acts of mail fraud," "many acts

4    of wire fraud," and "many victims" were "entirely general; no specifics of time, place, or nature of

5    the alleged communications are pleaded"); *Vess*, 317 F.3d at 1107.

6         Plaintiffs' only attempt to "describe in detail telephone conversations and emails" (Compl.,

7    ¶ 107) generally refers to "communications to brokers regarding the blacklisting of the appraisers"

8    and "communications . . . attempt[ing] to pressure appraisers to change the values in their

9    appraisal reports." (*Id.*, ¶¶ 108-112.)  Plaintiffs, however, do not detail how any of these

10   communications were part of any "scheme or artifice to defraud," much less that the

11   communications were made with "specific intent to deceive or defraud" anyone. *Schreiber Distrib.*

12   *Co.*, 806 F.2d at 1400.  Plaintiffs do not ever detail to which defendants their allegations are

13   directed.  This deficiency alone dooms Plaintiffs' RICO claim.  *See Swartz v. KPMG LLP*, 476

14   F.3d 756, 764-65 (9th Cir. 2007). "Rule 9(b) does not allow a complaint merely to lump multiple

15   defendants together but require[s] plaintiffs to differentiate their allegations. . . ." *Id.*

16        Additionally, litigants seeking to satisfy Rule 9(b) "must set forth what is false or

17   misleading about a statement, and why it is false.  In other words, the plaintiff must set forth an

18   explanation as to why the statement or omission complained of was false or misleading." *In re*

19   *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on*

20   *other grounds*, 15 U.S.C. § 78u-4.  Plaintiffs utterly fail to do so.  Simply alleging "use of the U.S.

21   mails and interstate wire facilities" (Compl., p. 22 & ¶ 108) does not establish mail or wire *fraud*

22   with particularity.  *See Lancaster Cmty. Hosp.*, 940 F.2d at 405 ("contentions regarding the use of

23   the mails" in seeking reimbursement from health care agencies under kickback scheme were "too

24   generalized to satisfy the dictates of Rule 9(b)").  While the Complaint contains allegations of an

25   interaction between Rels Valuation and each of the two Plaintiffs (Compl., ¶¶ 43-48, 52-55, 110-

26   112), it never describes how the communications were fraudulent.  At best, the allegations

27   concerning Sound Appraisal truthfully describe an interaction with Rels Valuation that allegedly

28   resulted in Rels informing "Mr. Pearsall that he had been suspended and was not longer an

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 9 -

approved appraiser." (*Id.*, ¶ 47). This is not fraud. Sound Appraisal does not describe the revisions Mr. Pearsall allegedly was asked to make in his appraisal, why he disagreed with the request, or how such a request allegedly violated federal appraisal regulations. Savage Appraisal's allegations also do not constitute fraud. The allegations involve a purported dispute over the appraiser's "opinion" about the value of two properties. (*Id.*, ¶¶ 51-53). The law is clear, however, that communications concerning matters of opinion as to value cannot be actionable as fraud. *Yokohama*, 358 F.3d at 621; *Fifty Assocs. v. Prudential Ins. Co.*, 450 F.2d 1007, 1010-11 (9th Cir. 1971) (quoting *Sacramento Suburban Fruit Lands Co. v. Melin*, 36 F.2d 907, 910 (9th Cir. 1929)).

Plaintiffs have not adequately alleged one predicate act of mail or wire fraud, much less a "pattern" of multiple related and continuous predicate crimes as required to satisfy the racketeering activity element of RICO. *H.J. Inc. v. Northwestern Bell*, 492 U.S. at 239. Plaintiffs' conclusory allegations that the alleged acts—purportedly undertaken by thousands of separate appraisers and brokers—were somehow "related" and part of "a common course of conduct" (Compl., ¶ 116) lacks any factual foundation; it is a baseless legal conclusion insufficient to support Plaintiffs' RICO claims. *See Iqbal*, 129 S. Ct. at 1950; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2000) (court is "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

**b.    The RICO Conspiracy Claim Is Not Pleaded With Particularity.**

Plaintiffs' Complaint also lacks any factual allegations to establish the elements of a RICO conspiracy under section 1962(d). Instead, Plaintiffs merely state the legal conclusion that Defendants "engaged in a conspiracy in violation of 1962(d)." (Compl., ¶ 87.) That does not state a claim under any pleading standard. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555; *Kendall v. Visa, U.S.A., Inc.*, 518 F.3d 1042, 1047-48 (9th Cir. 2008) (dismissing conspiracy claim because complaint pleaded only ultimate facts—the conspiracy—and no evidentiary facts); *In re Actimmune Marketing Litig.*, 2009 WL 1139585, at *12 (dismissing RICO claim when complaint contained "mere recitations of the causation element").

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   To state a conspiracy claim under section 1962(d), Plaintiffs must allege that Defendants

2   "objectively manifested their agreement to participate in a racketeering enterprise through the

3   commission of two or more predicate crimes." *Camarillo v. City of Maywood*, No. CV 07-3469,

4   2008 WL 4056994, at *3 (C.D. Cal. Aug. 27, 2008) (citing *Baumer v. Pachl*, 8 F.3d 1341, 1346-

5   47 (9th Cir. 1993)). "In a RICO conspiracy . . . the agreement is essential." *Baumer*, at 1346; *see*

6   *also Vieux v. E. Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990) (civil conspiracy

7   requires that the conspiring parties "reached a unity of purpose or a common design and

8   understanding, or a meeting of the minds in an unlawful arrangement"). And when a claim of

9   RICO conspiracy is based on fraud, Plaintiffs should be held to the higher pleading standard of

10  Rule 9(b). *E.g.*, *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1520-21 (N.D. Cal. 1990).

11      Plaintiffs do not set forth an agreement to violate RICO by each defendant. They do not

12  even identify Defendants' alleged co-conspirators, referring instead to unidentified brokers.

13  (Compl., ¶¶ 68, 88.) Plaintiffs' allegations are insufficient to plead conspiracy under Rule 8(a),

14  (*see Twombly* , 550 U.S. at 555), and, since they do not allege the "specific time, place or person

15  involved in [any] alleged conspiracies" to commit any act of mail or wire fraud, they also have not

16  met Rule 9(b)'s heightened pleading requirements. *Kendall v. Visa, U.S.A., Inc.*, 518 F.3d at

17  1047-48.[4]

18          **2.    No "Fraud"-Based RICO Predicate Act Can Be Premised On
                    Plaintiffs' "Blacklisting" And "Pressuring" Allegations.**

19

20      Even if Plaintiffs pleaded their claim with particularity (which they have not), their

21  allegations do not support a RICO claim predicated on mail or wire fraud. Under these fraud

22  statutes, fraud refers to "(1) a false representation (2) in reference to a material fact (3) made with

23  knowledge of its falsity (4) and with intent to deceive. . . ." *United States v. Bonallo*, 858 F.2d

24  1427, 1433 (9th Cir. 1988). To have standing to bring a private cause of action for mail fraud,

25  the plaintiff must establish that the "racketeering activity", here, purportedly fraudulent

26  ──────────────────────

27  [4] Furthermore, and in any event, Plaintiffs' "failure to adequately plead a substantive violation of
    RICO" under section 1962(c) also "precludes a claim for conspiracy" under section 1962(d).

28  *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   communications, is both the proximate and "but for" cause of his alleged injury. *See Bridge v.*

2   *Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131, 2140-42 (2008). Nothing alleged in Plaintiffs'

3   Complaint constitutes "fraud," even under the most liberal definition, and certainly not the

4   elements required to plead the specific intent crimes of mail and wire fraud. *Schreiber*, 806 F.2d

5   at 1400.

6         The fundamental premise and gravamen of Plaintiffs' lawsuit, including its civil RICO

7   claim, is that Defendants "pressured" Plaintiffs to revise their appraisals, and when they refused to

8   do so, put Plaintiffs on a "blacklist," thereby limiting their business opportunities. (Compl., ¶¶ 40-

9   55.) Plaintiffs claim these alleged "wire and mail communications set forth above directed to

10  [Plaintiffs] Sound Appraisals and Savage Appraisals" were "fraudulent" and "intended to defraud

11  Plaintiffs." (*Id.*, ¶ 115.)[5] But nowhere in any of Plaintiffs' voluminous allegations of "wire and

12  mail communications" do they identify any such communication that is fraudulent, or even

13  misleading, or properly allege any facts which would support their conclusory claim that they

14  were defrauded by Rels Valuation and that Rels Valuation's alleged "mail fraud" was the "but for"

15  and proximate cause of their purported injuries.

16        As the Ninth Circuit held in affirming dismissal of a RICO claim in *Lancaster*

17  *Community Hospital*, even though the defendants' conduct was "unacceptable" and their kickback

18  scheme violated certain federal and state statutes, "none of the actions allegedly taken by

19  defendants constitute fraud." 940 F.2d at 405; *see also Rothman v. Vedder Park Mgmt.*, 912 F.2d

20  315, 317 (9th Cir. 1990) (affirming dismissal of RICO mail fraud claim because "violation of a

21  statute does not necessarily demonstrate a scheme to defraud" and allegedly fraudulent lease and

22  letter contained no misrepresentations).

23        In *Wagner v. Magellan Health Services, Inc.*, 125 F. Supp. 2d 302 (N.D. Ill. 2000), the

24  plaintiff physician claimed that the defendant HMO violated RICO by "blacklisting" him, just as

25  _____

26  [5] Plaintiffs also throw in a host of references to purported "confidential witness statements" by
    other appraisers that they claim show "[t]he Plaintiffs' experience is typical of how others have
27  been treated who would not succumb to Rels Valuation's pressure." (Compl., ¶¶ 56-65.) These
    anonymous statements do not state a claim for mail or wire fraud—or comply with Rule 9(b)
28  specificity—any more than the alleged communications with Plaintiffs do.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  Plaintiffs allege here. *Id.* at 303.  The district court dismissed the RICO claim because the

2  physician failed to identify any fraudulent wire communication.  *Id.* at 307.  It simply was not

3  fraudulent for the HMO to forbid the physician from seeing the patient. "Blacklisting" without

4  more could not be the basis for a claim of wire fraud.  *Id.*  The same is true here.  (Compl.,

5  ¶¶ 108-112, 115.)  *See also Parker v. Learn the Skills Corp.*, 530 F. Supp. 2d 661, 678 (D. Del.

6  2008) (dismissing RICO claim based on allegations that the plaintiff lost revenue, goodwill,

7  "investment value," and "media exposure" because of the defendant's alleged derogatory statements);

8  *Marks v. City of Seattle*, 2003 WL 23024522, at *1, *6 (W.D. Wash. Oct. 16, 2003).

9  Simply put, Plaintiffs do not, and cannot allege, the necessary "fraud" or "but for" and

10  proximate cause on which mail or wire fraud could be predicated.  Whatever Plaintiffs'

11  "blacklisting" and "pressuring" and lost business opportunity allegations might be, they clearly are

12  not the basis for a RICO claim.  Plaintiffs' first cause of action should be dismissed with

13  prejudice.

## C.   Plaintiffs Fail To State A Claim Under California Business & Professions Code Section 17200.

16  Plaintiffs also fail to state a claim against Rels Valuation under California's Unfair

17  Competition Laws, Cal. Bus. & Prof. Code § 17200.  Both Plaintiffs are non-California residents,

18  challenging conduct that occurred in Rels Valuation's home state of Minnesota and in Plaintiffs'

19  home states of Washington and Colorado, and their attempt to invoke a California statute to address

20  their grievance is baseless.  Moreover, they lack standing to sue under section 17200 in any event.

21  The complaint that Defendants did not hire Plaintiffs to conduct future appraisals is at best a

22  speculative lost business opportunity, and a lost expectancy or hope is not a "loss of money or

23  property" required for standing under section 17200.  Plaintiffs' second cause of action fails.

### 1.   The Complaint Has No Viable Nexus To California.

25  As a threshold matter, Plaintiffs are not entitled to bring a section 17200 claim against Rels

26  Valuation because this lawsuit has no connection to the State of California.  Rels Valuation is an

27  Iowa limited liability company with its principal place of business in Minnesota.  (Compl., ¶ 18.)

28  Sound Appraisal is a sole proprietorship with its principal place of business in Puyallup,

- 13 -

Case No. 4:09-cv-01630 CW              DEF. RELS VALUATION MOTION TO DISMISS CMPLT

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   Washington. (*Id.*, ¶ 12.) Savage Appraisal Services, Inc. is an S corporation with its principal place

2   of business in Vail, Colorado. (*Id.*, ¶ 13.) Both Plaintiffs conduct real estate appraisals on real

3   estate located in their respective home states. (*Id.*, ¶¶ 12-13, 40, 50.) Neither Plaintiff avers any

4   contact with the State of California.

5       Under well-settled law, "section 17200 does not support claims by non-California residents

6   where none of the alleged misconduct or injuries occurred in California." *Churchill Village, L.L.C.*

7   *v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000); *Norwest Mortgage, Inc. v Superior*

8   *Ct.*, 72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18, 23 (1999) (recognizing presumption against giving

9   extraterritorial effect to California law when the alleged wrongful act and injury occurred outside

10  California). Plaintiffs are non-California residents, as is Rels Valuation. Plaintiffs do not allege

11  that Rels Valuation committed the purported wrongs in California or that they suffered injuries

12  there. Thus, they fail to state a claim under section 17200, and their second cause of action should

13  be dismissed. *See, e.g., Jankanish v. First Am. Title Ins. Co.*, No. C08-1147 MJP, 2009 WL

14  779330, at *7 (W.D. Wash. Mar. 23, 2009) (slip copy); *Meridian Project Sys., Inc. v. Hardin*

15  *Constr. Co.*, 404 F. Supp. 2d 1214, 1225 (E.D. Cal. 2005) (explaining that California law "embodies

16  a presumption against the extraterritorial application of its statutes," and courts have held that section

17  17200 "does not support claims by non-California residents where none of the alleged misconduct or

18  injuries occurred in California").

19      A non-California plaintiff cannot gain entitlement to assert a claim under section 17200

20  simply by alleging that "a company is headquartered or incorporated in California" or that a company

21  transacts business in California. *See In re: Wells Fargo Overtime Pay Litig.*, 2007 U.S. Dist.

22  LEXIS 60551, at *9 (N.D. Cal. Aug. 16, 2007); *In re Nat'l W. Life Ins. Deferred Annuities Litig.*,

23  467 F. Supp. 2d 1071, 1089 (S.D. Cal. 2006); *cf. Fulford v. Logitech, Inc.*, 2008 WL 4914416, at *1

24  (N.D. Cal. Nov. 14, 2008) (slip copy) (permitting section 17200 claim based on alleged product

25  misrepresentations to proceed when defendant was headquartered in California *and* its public

26  relations and marketing staff were located in California). Thus, that Wells Fargo is alleged to be

27  headquartered in California (Compl., ¶ 121) is not enough to state a section 17200 claim in this case

28  particularly against Rels Valuation which has no similar nexus to California. Further, Plaintiffs'

- 14 -

1   vague allegations that "[o]n information and belief, the actions and underlying decisions of

2   Defendants, alleged herein emanated from and occurred within the State of California" (*id.*), do not

3   state a section 17200 claim.  Plaintiffs do not aver any *facts* explaining how the allegedly wrongful

4   conduct by Rels Valuation—i.e., pressuring Plaintiffs to produce appraisals that supported the

5   proposed loans and failing to hire Plaintiffs to appraise properties for future Wells Fargo loans (*see*

6   *id.*, ¶¶ 7, 34-35)—took place in California.  *See Jankanish*, 2009 WL 779330, at *7 (dismissing

7   section 17200 claim brought by Washington-resident plaintiffs based on Washington real estate

8   transactions and defendants' Washington operations in purported nationwide class action suit

9   because plaintiffs' vague allegations that "deceptive acts…were designed" in California and "underlying

10  decisions…emanated from" California were speculative under *Twombly*); *Meridian*, 404 F. Supp. 2d

11  at 1225 (rejecting plaintiffs conclusory argument that conduct at issue "emanated from" California);

12  *cf. Wells Fargo*, 2007 U.S. Dist. LEXIS 60551, at *12-13 (detailed information naming specific

13  Wells Fargo departments and employees who made specific decisions in California to implement

14  challenged employment policy preserved section 17200 claim based on alleged failure to pay

15  overtime).  Plaintiffs' second cause of action should be dismissed with prejudice.

**2.      Plaintiffs Lack Standing To Sue Under Section 17200.**

17          Even if Plaintiffs were California residents, and even if the conduct by Rels Valuation they

18  challenge had occurred in California (neither of which is the case), their section 17200 claim still

19  would fail because Plaintiffs lack standing.  Article III of the United States Constitution requires

20  plaintiffs in federal courts to show, at a minimum, an "injury in fact"—in other words, Plaintiffs must

21  show that "as a result of the defendant's actions [they have] suffered 'a distinct and palpable injury."

22  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982)

23  (quoting *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).  To have

24  standing to sue under section 17200 in particular, a private party must have:  (1) "suffered injury in

25  fact," and (2) "lost money or property as a result of the defendant's alleged unfair competition.  Cal.

26  Bus. & Prof. Code § 17204; *In re Tobacco II Cases*, No. S147345, 2009 WL 1362556, at *7 (Cal.

27  May 18, 2009) (slip copy); *see also Kwikset Corp. v. Superior Court*, 90 Cal. Rptr. 3d 123, 171 Cal.

28  App. 4th 645 (2009); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590, 80 Cal. Rptr. 3d

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 15 -

316, 321 (2008).

Section 17200 is not a vehicle for seeking damages. *See Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1078 (C.D. Cal. 2003). Rather, the requirement that the plaintiff "has lost money or property" limits section 17200 standing "to persons or entities who can seek *restitution* from the defendant." *AHO Enters., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-cv-04133-SBA, 2008 WL 4830708, at *4 (N.D. Cal. 2008) (slip copy) (citing *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 817 (2007)) (emphasis added); *see also Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22, 88 Cal. Rptr. 3d 455, 472-73 (2009). Section 17200 is concerned with "the payment or return of money or property that belongs to the plaintiff." *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1062 (N.D. Cal. 2007). Most recently, this Court has explained that "restitution" is one way of describing the type of loss cognizable under section 17200—a loss of money or property "in which the plaintiff has 'either prior possession or a vested legal interest." *Fulford v. Logitech, Inc.*, No. C-08-2041, 2009 WL 1299088, at *1 (N.D. Cal. May 8, 2009) (slip copy). Thus, to have standing to bring *any* section 17200 claim, a plaintiff must have spent money, lost money or property, or been denied money to which he or she was entitled, as a result of the alleged unfair business practices. *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) (to have standing to assert a section 17200 claim, plaintiff must show either "prior possession" or a "vested legal interest" in the money or property allegedly lost), *aff'd, Walker v. GEICO Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009). Plaintiffs do not meet this fundamental requirement of section 17200.

Plaintiffs do not claim that Defendants failed to compensate them for work done, even when Defendants disagreed with Plaintiffs' appraisals and allegedly "pressured" Plaintiffs to revise them. Rather, the only injury Plaintiffs allege in support of their section 17200 claim is that they "lost a substantial amount of business by being excluded for preparing appraisals on real estate transactions where Wells Fargo is the lender or potential buyer of the contemplated loan." (Compl., ¶ 124). But Plaintiffs do not and cannot allege that they ever had an ownership interest in receiving this business that would entitle them to restitution. To the contrary, subject to anti-discrimination and antitrust laws not at issue here, individuals generally are free to do business or not do business with

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 16 -

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   other parties as they choose, and a plaintiff has no protectable interest in transacting business with a

2   particular third party. *See, e.g.*, *Pac. Bell Tel. Co. v. Linkline Communications, Inc.*, 129 S. Ct.

3   1109, 1118 (2009) ('As a general rule businesses are free to choose the parties with whom they will

4   deal, as well as the prices, terms, and conditions of that dealing.'); *United States v. Colgate & Co.*,

5   250 U.S. 300, 307, 39 S.Ct. 465, 63 L.Ed. 992 (1919) (a private business has a "long recognized

6   right . . . freely to exercise his own independent discretion as to parties with whom he will deal");

7   *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292 n.16 (9th Cir.

8   1983) (observing that businesses generally are free to terminate parties for any lawful reason, "even

9   if the terminated businessman is put out of business"). *Cf. Korea Supply Co. v. Lockheed Martin*

10   *Corp.*, 29 Cal. 4th 1134, 1151 (2003) (when a plaintiff has a mere expectancy of a business

11   opportunity, the plaintiff has no ownership interest in the money he or she hoped to earn).

12   'Compensation for a lost business opportunity is a measure of damages and not restitution to

13   the alleged victims.' *Korea Supply*, 29 Cal. 4th at 1151, 131 Cal. Rptr. 2d 29. Thus, a lost business

14   opportunity is not a loss of money or property for purposes of section 17200 and cannot support

15   standing to sue. In accord, the Ninth Circuit recently affirmed the dismissal of section 17200 claims

16   seeking solely injunctive relief for lack of standing when the plaintiff, an auto repair shop owner,

17   complained that his auto insurer clients diminished his profits by pressuring him to accept less than

18   his estimated price for repairing insureds' vehicles based on discounts offered by his competitors.

19   *Walker*, 558 F.3d at 1027. Similarly, the California Supreme Court rejected a section 17200 claim

20   based on allegations that the plaintiff lost the opportunity to earn commission in a bid for a military

21   equipment contract, which ultimately was awarded to a competing bidder who had bribed the

22   government. *Korea Supply*, 29 Cal. 4th at 1151. And the Central District rejected a section 17200

23   claim based on an allegation that the plaintiffs could have earned higher profits if the defendant had

24   allowed them to distribute premium cable services. *Nat'l Rural Telecommunications Co-op*, 319 F.

25   Supp. 2d at 1082. In all these cases, the plaintiffs had no vested interest in the lost opportunity,

26   precluding their section 17200 claims. The same is true in this case. Plaintiffs identify no vested

27   interest in continuing to perform appraisals in Wells Fargo loan transactions; indeed, they had none.

28   Therefore, they lack standing to pursue their second cause of action.

- 17 -

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Plaintiffs cannot cure this fundamental defect by disclaiming any request for restitution and

2    limiting their section 17200 claim to a request for injunctive relief. (Compl., ¶ 125).  Under

3    Business & Professions Code section 17203, which permits a court to enjoin violations of section

4    17200, Plaintiffs may seek injunctive relief "only if [they] meet[] the standing requirements of

5    Section 17204." Section 17204 establishes identical standing requirements for claims for restitution

6    and for injunctive relief: "Actions for relief pursuant to this chapter shall be prosecuted . . . by a

7    person who has *suffered injury in fact and has lost money or property* as a result of the unfair

8    competition." (Emphasis added).  A plaintiff cannot bring an action for injunctive relief unless the

9    plaintiff meets these standing requirements.  *See Walker*, 558 F.3d at 1027;[6] *Citizens of Humanity*,

10   171 Cal. App. 4th at 22 (holding plaintiff lacked standing to sue solely for an injunction under

11   section 17200 because plaintiff could not allege losses that entitled it to restitution); *see also Palmer*

12   *v. Stassinos*, 419 F. Supp. 2d 1151, 1154 (N.D. Cal. 2005).  Plaintiffs have no standing, requiring

13   dismissal of their second cause of action for violation of section 17200.[7]

**D.    Plaintiffs Fail To State A Claim For Interference With Prospective Economic Advantage.**

16   Plaintiffs' third cause of action fares no better than their RICO and section 17200 claims.

17   Plaintiffs purport to assert their claim for interference with prospective economic advantage under

18   California law. (Compl., ¶ 128).  As a threshold matter and as explained above, Plaintiffs are non-

19   California residents who have no connection to California.  Rels Valuation is an Iowa limited

20   liability company headquartered in Minnesota (*id.*, ¶ 18).  While Wells Fargo is allegedly

21   headquartered in California, it provides lending services across the United States, and the conduct at

---

23   [6] This 2009 Ninth Circuit opinion affirming *Walker* controls over the unreported decision in
24   *G&C Auto Body Inc. v. GEICO General Insurance Co.*, No. C06-04898 MJJ, 2007 WL
     4350907, at *3-*4 (N.D. Cal. Dec. 12, 2007) (declining to follow district court opinion in *Walker*
25   and holding that plaintiff complaining that defendant steered customers away had standing to
     seek injunctive relief under section 17200 even though the plaintiff had no claim for restitution
26   under *Korea Supply*).

27   [7] In addition, to the extent Plaintiffs' section 17200 claim is derivative of their RICO claim, it
     fails for the same reasons discussed above in Part II.B.  *See Rubin v. Wal-Mart Stores, Inc.*, 599
28   F. Supp. 2d 1176, 1179 (N.D. Cal. 2009) (dismissing section 17200 claim when underlying claim
     of "unlawful conduct" was invalid).

- 18 -

1    issue in the Complaint occurred outside California.  (*See id.*, ¶¶ 14, 15, 43, 35.)  Regardless, these

2    allegations cannot save Plaintiffs' interference claim against Rels Valuation which has no similar

3    connection to California.  Plaintiffs' vague allegation that "Defendants planned and implemented their

4    wrongful scheme in California" (*id.*, ¶ 128) is insufficient to establish that California law governs

5    this claim.  *See In re Jamster Marketing Litig.*, MDL No. 1751, 2008 WL 4858506, at *3 (S.D. Cal.

6    Nov. 10, 2008) (California lacked an interest in regulating "transactions occurring outside its borders

7    and involving non-California residents"), *amended on other grounds*, 2009 WL 250089 (S.D. Cal.

8    Feb. 2, 2009); *Cutler v. Bank of Am. Nat'l Trust & Savings Ass'n*, 441 F. Supp. 863, 865 (N.D. Cal.

9    1977) (that defendant was headquartered in California was "not significant" for choice of law

10   purposes); *see also McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1424 (9th Cir. 1989) (a party's

11   contacts with California that are not related to the claim at issue, such as the presence of

12   headquarters in California, do not form a basis for applying California law).

13            Even if Plaintiffs' unilateral selection of California law were appropriate, however, their third

14   cause of action would fail.  A plaintiff must plead the following to state a claim for interference

15   with prospective economic advantage under California law: "(1) the existence of a specific economic

16   relationship between [plaintiff] and third parties that may economically benefit [plaintiff]; (2)

17   knowledge by the [defendants] of this relationship; (3) intentional acts by the [defendants] designed

18   to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the

19   [plaintiff]."  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1310 (N.D. Cal.

20   1997) (quoting *Rickards v. Canine Eye Registration Found., Inc.*, 704 F.2d 1449, 1456 (9th Cir.

21   1983)).  To survive a motion to dismiss, the plaintiff must "plead *facts* either showing or allowing the

22   inference of actual disruption to its relationship with" specifically identified customers or other third

23   parties.  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (emphasis

24   added).  California law precludes recovery for "overly speculative expectancies" by requiring that the

25   business relationship at issue contained "the probability of future economic relationship."  *Silicon*

26   *Knights*, 983 F. Supp. at 1311 (citing *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App.

27   4th 507, 522, 49 Cal. Rptr. 2d 793, 803 (1996)).  The tort is inapplicable to "hypothetical

28   relationships" not developed at the time of the allegedly tortious acts."  *Id.*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 19 -

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Plaintiffs fail to plead the first element of their third cause of action—they do not identify any

2    specific business relationship with a third party that Rels Valuation disrupted. Instead, Plaintiffs

3    vaguely assert that "Defendants knew" about "economic relationships" with unidentified "mortgage

4    brokers and mortgage lenders" and that Plaintiffs "lost a substantial amount of business" as a result of

5    Defendants' actions. (Compl., ¶¶ 129-30). Plaintiffs do not identify any negotiations with specific

6    third parties that fell apart as a result of the alleged "blacklisting," but only speculate in conclusory

7    terms that they missed out on additional appraisal business after Defendants stopped doing business

8    with them. *See Silicon Knights*, 983 F. Supp. at 1312. Their vague reference to economic

9    relationships with unnamed third parties is insufficient to withstand the motion to dismiss, as courts

10   have uniformly held in similar cases. *See, e.g., Sybersound Records*, 517 F.3d at 1151 (affirming

11   dismissal of claim when plaintiff did not allege that it lost a contract or that a negotiation with a

12   customer failed, but merely alleged "in a conclusory manner that it 'has been harmed because its

13   ongoing business and economic relationships with Customers have been disrupted'"); *Silicon Knights*,

14   983 F. Supp. at 1312 (dismissing claim based on allegations that defendants induced "customers and

15   potential customers" not to purchase products and induced "software publishers and distributors not to

16   deal" with plaintiff because the plaintiff failed to identify an actual economic relationship that

17   defendants disrupted); *Certain Underwriters at Lloyd's, London v. Real Estate Prof'l Ins. Co.*, No.

18   CV06-4783, 2007 WL 4249078, *8 (C.D. Cal. Nov. 26, 2007) (dismissing claim for interference

19   with plaintiffs' alleged relationships with "the real estate, mortgage and home industry"); *Tele Atlas*

20   *N.V. v. Navteq Corp.*, 397 F. Supp. 2d 1184, 1194 (N.D. Cal. 2005) (dismissing claim when plaintiff

21   vaguely alleged that defendant interfered with prospective contractual relationships with "third

22   parties" and observing that, to state a claim, a plaintiff must identify a *specific* third party from whom

23   the plaintiff expected to receive an economic benefit).

24   Indeed, Plaintiffs' real complaint seems to be that Rels Valuation interfered with Plaintiffs'

25   relationships with *Rels* and *Wells Fargo* by not hiring Plaintiffs to perform additional appraisals.

26   But the tort of interference can only be asserted against a "stranger" to the relationship, not an actual

27   party to it. *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 834 (9th Cir.

28   2001); *McGehee v. Coe Newnes/McGehee ULC*, No. C 03-5145 MJJ, 2004 WL 2496127, at *6

- 20 -

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   (N.D. Cal. Nov. 4, 2004); *cf. Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514

2   (1994) ("[t]he tort duty not to interfere with the contract falls only on strangers—interlopers who have

3   no legitimate interest in the scope or course of the contract's performance").

4          Further, the Complaint contains no basis for inferring a reasonable probability that any of

5   the unidentified "mortgage brokers and mortgage lenders" would have asked Plaintiffs to perform

6   appraisals in their transactions in the future if Plaintiffs had remained on Defendants' "approved list."

7   The Complaint is based on a speculative claim of "lost opportunity" and a "hope and desire" for

8   additional appraisal business, which are insufficient to state a claim for interference with

9   prospective economic advantage. *See Westside Ctr.*, 42 Cal. App. 4th at 523; 49 Cal. Rptr. at 803;

10  *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-05340 JF, 2005 WL 832398, at *9

11  (N.D. Cal. Mar. 30, 2005); *Computer Scis. Corp. v. Computer Assocs. Int'l, Inc.*, Nos. CV98-1374-

12  WMB SHX, CV98-1440-WMB SHX, 1999 WL 675446, at *23 (C.D. Cal. Aug. 12, 1999)

13  (observing that the plaintiff must "demonstrate with reasonable certainty" that a "formal business

14  relationship would have been consummated" absent the alleged interference); *Kruse v. Bank of Am.*,

15  248 Cal. Rptr. 217, 234, 202 Cal. App. 3d. 38 (1988) (requiring a showing of interference with the

16  plaintiff's business relationship with a third party).  The tort applies only "to interference with

17  *existing* noncontractual relations which hold the promise of future economic advantage." *Westside*

18  *Ctr.*, 42 Cal. App. 4th at 524; 49 Cal. Rptr. at 804.  It does not protect a plaintiff's hypothetical

19  economic relationship "with the entire market of all possible but as yet unidentified buyers" or

20  customers. *Id.*, 42 Cal. App. 4th at 527, 49 Cal. Rptr. at 806.  Nor can it proceed based on

21  speculative allegations that "repeat customers" would have continued to patronize the plaintiff's

22  business, absent the alleged interference. *See Google*, 2005 WL 832398, at *9 (dismissing claim for

23  failure to allege a probability of future economic benefit).  Plaintiffs identify no basis for their claim

24  that they would have received new appraisal orders absent Defendants' conduct.  Their claim cannot

25  proceed on a hope and desire that orders would have been placed.

26         Finally, a plaintiff seeking to recover for alleged interference with a prospective economic

27  advantage has the burden of showing that the defendant's interference was wrongful "by some

28  measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,

1    11 Cal. 4th 376, 392 (1995). Plaintiffs have not carried that burden. To be independently wrongful,

2    the defendant's conduct must be "proscribed by some constitutional, statutory, regulatory, common

3    law, or other determinable legal standard." *Korea Supply*, 29 Cal. 4th at 1159. As referenced above

4    in Parts II.B. and C., Rels Valuation's alleged conduct was not unlawful. No RICO violation

5    occurred; the allegation that Plaintiffs felt "pressured" to revise their appraisals does not amount to a

6    violation of the regulatory provisions Plaintiffs cite; and their section 17200 claim fails. *See AHO*

7    *Enters.*, 2008 WL 4830708, at *2-*3 (dismissing claim for interference with prospective economic

8    advantage because all of the plaintiffs proffered underlying theories of "independently wrongful" acts

9    failed). Once Plaintiffs' conclusory legal theories and characterizations are stripped away, it is

10   apparent that their claim against Rels Valuation amounts to the complaint that Rels Valuation

11   disagreed with Plaintiffs' appraisals and did not hire Plaintiffs to conduct additional appraisals. (*See,*

12   *e.g.*, Compl., ¶ 130; *see also id.*, ¶¶ 7, 8, 37, 46, 101.) Plaintiffs allege no wrongful conduct over

13   and above the alleged "pressure" and "blacklisting," and their claim thus is not actionable as

14   interference with a prospective business advantage. *See Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615,

15   620-21 (N.D. Cal. 2002); *Della Penna,* 11 Cal. 4th at 393; *City of Oakland v. Comcast Corp.*, No. C

16   06-5380 CW, 2007 WL 518868, at *8 (N.D. Cal. Feb. 14, 2007) (dismissing claim when only action

17   plaintiff alleged was that defendant directed third party to reject franchise renewal ordinance that

18   negatively impacted plaintiffs business). The third cause of action should be dismissed.

19   / / /

20   / / /

21   / / /

22   / / /

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1

## IV.    CONCLUSION

2          Plaintiffs' Complaint falls far short of the pleading requirements of the Federal Rules of Civil

3   Procedure as recently construed by the Supreme Court in *Twombly* and *Ashcroft v. Iqbal*.

4   Moreover, their allegation that Rels Valuation disagreed with their appraisals and elected to

5   discontinue their relationship is not actionable under any of the theories they invoke.  Rels

6   Valuation respectfully requests that the Court dismiss the Complaint with prejudice.

7   Dated:  June 4, 2009                              Respectfully submitted,

8                                                      SONNENSCHEIN NATH & ROSENTHAL LLP

9

10                                                     By:_____/S/_____
                                                            GAYLE M. ATHANACIO
11

12                                                     Attorneys for Defendant
                                                       VALUATION INFORMATION TECHNOLOGY,
13                                                     LLC, d/b/a RELS VALUATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Case No. 4:09-cv-01630 CW                         DEF. RELS VALUATION MOTION TO DISMISS CMPLT